**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SALVATORE MAZZOLA,

        Plaintiff,

v.                                          Case No. 16-11549
                                           Honorable Denise Page Hood

WILLIAM S. OVERTON, PATRICIA
CARUSO, HEIDI WASHINGTON,
RANDALL HAAS, and JOHN DOES,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND
RECOMMENDATION GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [Doc. No. 27]**

On April 29, 2016, Plaintiff filed this 42 U.S.C. § 1983 lawsuit against multiple defendants. Plaintiff alleges that he was beaten on May 31, 2013 by, at the time, three unknown men. One of the assailants was later identified as Clemente Paul Pena ("Pena"), a prisoner for whom a Special Problem Offender Notice ("SPON") had been placed in Plaintiff's file 18 years earlier. Based on that SPON, Plaintiff should not have been housed where Pena was.

This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation dated June 27, 2018 (the "R&R"). [Doc. No. 29] In the R&R, the Magistrate Judge recommends that the Court grant the Motion for Summary

Judgment filed by the named Defendants [Doc. No. 27], to which Plaintiff filed a response. Plaintiff timely filed "seven" objections to the R&R.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court also has reviewed Plaintiff's "seven" objections and finds that all of them stem from the same alleged error by the Magistrate Judge. With respect to each of the objections, Plaintiff argues that:

> [T]he Magistrate Judge failed to consider Defendants' responses dated May 21, 2018 to Plaintiff's First Interrogatories in which in response to Interrogatory No. 1, the Defendants admit that there has been a paper SPON naming prisoner Pena as an enemy of Plaintiff's in place in Plaintiff's Central Office commitment file since December 1994.
>
> In response to Interrogatory No. 3, when asked to explain why if an active SPON is listed in Plaintiff's Central Office commitment file how transfer orders for Plaintiff repeatedly failed to reflect that active SPON, Defendants responded:
>
> **"Based upon information and belief, it was a computer glitch that caused the name not to appear on the SPON."**
>
> Further in response to Interrogatory No. 4, when asked if the MDOC Director's Office has in place a fail-safe employee whose responsibility it is to monitor prisoner transfer orders comparing active SPONS in the prisoner's Central Office commitment file to the SPONS reflected on the transfer order and to take immediate action when a discrepancy is discovered, Defendants responded:
>
> **"Policy Directive 05.01.140 Prisoner Placement and Transfer, Paragraph (G) states that: 'Staff shall ensure that appropriate files and electronic records are reviewed to identify any Special Problem Offender Notices (SPONs) …of a prisoner transferring to another**

**institution prior to transfer.'"**

Because of the Magistrate Judge's filing of this Report and Recommendation Plaintiff did not have the opportunity to file his Second Interrogatories in which he planned to ask the following question:

**Second Interrogatory – Interrogatory No. 2:** Can you explain how it is possible under PD 05.01.140 Paragraph (G), for this "computer glitch" to remain undetected and in effect for the past fourteen (14) years, wherein each transfer order of Plaintiff's from 2004 up to and including his last transfer to his current facility still does not reflect prisoner Pena's name as an active SPON?

The Court finds that Plaintiff's objections to the R&R are misplaced. Defendants' Motion for Summary Judgment was filed on December 6, 2017. Plaintiff's response to Defendants' Motion for Summary Judgment was filed on January 10, 2018. Neither document mentions a "computer glitch." Plaintiff's First Interrogatories are dated February 16, 2018 and, as noted above, Defendants' responses are dated May 21, 2018. Both the First Interrogatories and the responses thereto were prepared <u>after</u> the Motion for Summary Judgment and response to the Motion for Summary Judgment were filed – but before the R&R was issued, and no supplemental briefs were filed with the Court. Accordingly, the Court finds that the Magistrate Judge did not err in failing to consider the information regarding the "computer glitch," as that information was not presented for his review.

From a substantive perspective, Plaintiff's reliance on the above interrogatories and responses does not persuade the Court that the conclusions reached by the

3

Magistrate Judge were erroneous.  The primary basis for the recommendation to dismiss Plaintiff's cause of action is that Plaintiff's grievances were not filed timely and there was no evidence that the delay was due to circumstances beyond Plaintiff's control.  In his objections, Plaintiff fails to explain why the grievances were not timely filed or what circumstances beyond his control delayed filing of the grievances.  Instead, Plaintiff argues that he would not have been assaulted and harmed if the "computer glitch" had not occurred – and if he had not been assaulted and harmed, he would not have had a need to file any grievances or explain his delay in filing them.

The Court agrees that, absent the computer glitch, it appears Plaintiff would not have been assaulted and harmed by Pena.  But, as the assault occurred, Plaintiff was obligated to timely file his grievances – or explain the circumstances beyond his control that precluded him from timely filing his grievances.  The Court concludes that Plaintiff has failed to timely file or explain his failure to timely file.

For the reasons stated, the Court denies Plaintiff's objections to the R&R.  Finding no error in the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety.  Accordingly, for the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge

Anthony P. Patti **[Doc. No. 29, filed June 13, 2018]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 30, filed June 27, 2018]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment **[Doc. No. 27, filed December 6, 2017]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS ORDERED.**

DATED: July 30, 2018

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge